John M. Farrell (#99649/farrell@fr.com)
Jonathan J. Lamberson (#239107/lamberson@fr.com)
Kameron Parvin (#232349/parvin@fr.com)
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, California 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

Attorneys for Plaintiff
Martin Medina

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN JOSE DIVISION)

| | |
|---|---|
| MARTIN MEDINA,<br><br>    Plaintiff<br><br>v.<br><br>COUNTRYWIDE HOME LOANS, INC., ROBERTO RUBEN CRUZ, LA RESIDENCIA REALTY, CARLOS AGUINAGA, CRUZ REALTY GROUP, INC., CLAUDIA ESPINO, WESTMORT CORP. dba WESTCOAST MORTGAGE, VALERIE TOUNG-VI NGUYEN, and DOES 1 TO 10, inclusive,<br><br>    Defendants. | Case No. C06-06774 JW (PVT)<br><br>**STIPULATED PROTECTIVE ORDER**<br>AS MODIFIED BY THE COURT |

    IT IS HEREBY STIPULATED AND AGREED by and between the parties hereto, through their respective counsel, that the following Order may be entered by the Court to give effect to the stipulations set forth below:

    1.    Disclosure and discovery activities in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.

    2.    As used herein, "Confidential Information" or "Restricted Information" shall mean information which constitutes, reflects or discloses confidential, competitively sensitive,

1

proprietary and/or trade secret information of the designating person, or information that is protected from disclosure by the privacy rights of customers or other third parties, which the designating person wishes to maintain in confidence. Any party to the above-captioned action shall have standing to designate as Confidential Information or Restricted Information any information that was created by or communicated to or from the party or an employee, or agent, of that party if that party in good faith believes that the discovery material contains Confidential Information or Restricted Information. "Designating person" means the party, or third person or entity, who designates documents, testimony or information as Confidential Information or Restricted Information under this Order.

3. The protections conferred by this Order cover not only Confidential Information or Restricted Information (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof.

4. All documents or information produced or to be produced by any party in connection with this litigation which have been designated by the producing party as Confidential Information or Restricted Information shall be used only for the purpose of this litigation, including trial preparation and trial.

5. Except as otherwise provided by order of the Court, no document containing Confidential Information, including information contained therein, shall be furnished, shown, or disclosed to any person except: (1) counsel for the parties to this action and paralegals and other professional personnel employed by said counsel assisting those attorneys in the preparation and trial of this action; (2) retained experts and consultants who are assisting said counsel in preparation and/or trial who have signed the Agreement To Be Bound By Protective Order (Exhibit A) and who have been disclosed pursuant to Paragraph 17, below; (3) the party or representatives of the parties having responsibility for the prosecution or defense of the case; (4) the Court and jury, as necessary for purposes of trial and/or motions, and/or any appeal; (5) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who agree to treat Confidential Information and Restricted Information in accordance with their ordinary operating procedures for maintaining confidential documents; (6)

jury or trial consultants retained by a party in this action who have signed the Agreement To Be Bound By Protective Order (Exhibit A); (7) mock jurors engaged by the parties and/or their consultants in preparation for trial, provided that (i) no party will use any mock juror who knows any person employed or affiliated with either party to this action; (ii) mock jurors will not be allowed to retain any tangible materials that contain or disclose any Designated Material, and (iii) mock jurors first agree in writing to maintain the confidentiality of any materials and information provided to them in connection with being a mock juror; and (8) vendors who have been retained by a party to provide translation or interpretation from a foreign language into English or vice versa and who agree to treat the material as confidential and limit its use to providing such translation or interpretation services.

      6. Material designated as "Restricted Information," copies or extracts therefrom and information therein, may be given, shown, made available to, or communicated in any way only to: (1) counsel for the parties to this action and paralegals and other professional personnel employed by said counsel assisting those attorneys in the preparation and trial of this action; (2) retained experts and consultants who are assisting said counsel in preparation and/or trial and to whom it is necessary to disclose such information for purposes of this litigation who have signed the Agreement To Be Bound By Protective Order (Exhibit A) and who have been disclosed pursuant to Paragraph 17, below; (3) the Court and jury, as necessary for purposes of trial and/or motions, and/or any appeal; (4) the author or a prior recipient of the document containing the Restricted Information; (5) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who agree to treat Confidential Information in accordance with their ordinary operating procedures for maintaining confidential documents; (6) jury or trial consultants retained by a party in this action who have signed the Agreement To Be Bound By Protective Order (Exhibit A); (7) mock jurors engaged by the parties and/or their consultants in preparation for trial, provided that (i) no party will use any mock juror who knows any person employed or affiliated with either party to this action; (ii) mock jurors will not be allowed to retain any tangible materials that contain or disclose any Designated Material, and (iii) mock jurors first agree in writing to maintain the confidentiality of any materials and

information provided to them in connection with being a mock juror; and (8) vendors who have been retained by a party to provide translation or interpretation from a foreign language into English or vice versa and who agree to treat the Protected Material as confidential and limit its use to providing such translation or interpretation services. Material designated as "Restricted Information" shall not be furnished, shown or disclosed to the parties or their representatives.

7. Each Party or non-party that designates information or items for protection under this Order must take reasonable care to limit any such designation to specific material that qualifies under the appropriate standards.

8. In connection with the production of documents in this action, any designating person may stamp, mark or otherwise designate any document comprising, containing or referring to Confidential Information produced or to be produced by it in connection with this litigation as "Confidential -- Subject to Protective Order" on each page that contains protected material. Similarly, Restricted Information shall be stamped, marked or otherwise designated as "Restricted -- Attorney's Eyes Only -- Subject to Protective Order" on each page that contains protected material.

9. A party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "Restricted -- Attorney's Eyes Only -- Subject to Protective Order." After the inspecting party has identified the documents it wants copied and produced, the producing party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the producing party must affix the appropriate legend to each page that contains protected material

10. For information produced in some form other than documentary, and for any other tangible items, the producing party may affix in a prominent place on the exterior of the item, the container or containers in which the information or item is stored the appropriate designation.

4

11. In connection with the taking of any deposition in this action:

a. The party who noticed or requested the deposition shall, prior to the commencement of testimony at such deposition, serve a copy of this Order upon the officer reporting the deposition. Such officer shall acknowledge service of a copy of this Order, and shall agree that he/she, his/her employees, and his/her agents shall be bound by the terms of this Order, and shall make no use or disclosure of Confidential Information or Restricted Information unless expressly permitted by the terms of this Order, or by the express consent of all parties and any designating person who are or may become subject to the provisions of this Order. Such officer shall provide copies of the deposition transcript or deposition exhibits only to attorneys for the parties and, if the deposition is of a third person or entity, to that deponent or his/her attorney. Depositions at which Confidential Information or Restricted Information is to be disclosed shall be attended only by persons authorized hereunder to have access to such information.

b. Counsel for any party hereto may, either during any such deposition or within thirty days of receipt of the transcript, designate the deposition transcript along with the deposition exhibits, or any portion thereof, as Confidential Information or Restricted Information. If the deposition is of a third person or entity not joined herein, that third person or entity may use the same designation process set forth in this Paragraph.

c. Relating to deposition testimony, the witness or his counsel shall invoke the provisions of this Order by stating on the record during the deposition that testimony given at the deposition is designated "Confidential" or "Restricted." No person shall attend those portions of the depositions designated "Confidential" or "Restricted" unless such person is an authorized recipient of classified information under the terms of this Order. Any court reporter who transcribes "Confidential" or "Restricted" testimony in this action at a deposition shall agree, before transcribing any such testimony, that all "Confidential" or "Restricted" testimony is and shall remain as such and shall not be disclosed except as provided in this Order; copies of any transcript, reporter's notes, or any other transcription records of any such testimony prepared by the court reporter, will be marked "Confidential" or "Restricted," as appropriate, and will be

5

retained in absolute confidentiality and safekeeping by such reporter or delivered to the attorneys of record or filed under seal with the Court.

12. Any individual, such as a deposition witness, trial witness, or potential witness, may be shown Confidential Information or Restricted Information by an attorney bound by this Protective Order under any of the following conditions:

    a. the individual is identified as a signatory, author, addressee or recipient of a copy of the materials;

    b. the individual is a current officer, director, or employee of a Party, the document has been designated as "Confidential Information" or "Restricted Information" by that Party, and the document is of the type to which such individual would not normally be precluded from having access;

    c. the individual is a witness designated by a Party pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, the document has been designated as "Confidential Information" or "Restricted Information" by that Party, and the document fairly relates to the subject matter for the 30(b)(6) topic(s) for which the witness has been designated and the individual's testimony for the same;

    d. the individual is a former officer, director, or employee of a Party, the document has been designated as "Confidential Information" or "Restricted Information" by that Party, and it appears from the face of the document that the individual had previously viewed the document while employed by the Party or the document is the type to which such individual would have had access to during the course of his former employment; or

    e. the witness has signed the form specified in Attachment A of this Order prior to disclosure of the Confidential Information.

13. Under no circumstances will the use of protected material during a deposition or trial constitute a waiver of the designated status of the materials.

14. When a party to this Order designates the testimony (including proposed testimony) of a person being deposed as Confidential Information or Restricted Information, and objection is made to such designation, such testimony shall not be withheld because such objection has been

6

made to the Confidential Information or Restricted Information designation. Such testimony shall be treated as Confidential Information or Restricted Information until a stipulation or order on motion that it should not be so treated.

15. ~~If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential Information" or "Restricted Information" does not, standing alone, waive the designating party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential Information" or "Restricted Information" after the material was initially produced, the receiving party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. The inadvertent production of any privileged material shall not be deemed a waiver of any claim of privilege of the information. Upon receiving oral or written notice from the Producing Party that privileged material has been inadvertently produced, all such privileged material and any copies thereof shall immediately be returned to the Producing Party and the receiving party shall not use any such privileged material or privileged information therein for any purpose absent further Order of this Court.~~

16. Any part or parts of this Order may be amended at any time by court order pursuant to written stipulation of the parties hereto or by order of this Court for good cause shown.

17. Procedures for Approving Disclosure of "Confidential Information" or "Restricted Information" to "Experts":

   a. An "Expert" is a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

   b. Unless otherwise ordered by the Court or agreed in writing by the Designating Party, a Party that seeks to disclose to an "Expert" (as defined in this Order) any information or item that has been designated "Confidential Information" or "Restricted Information" first must make a written request to the Designating Party that (1) sets forth the full name of the Expert and the city and state of his or her primary residence, (2) attaches a copy of the Expert's current resume, and (3) identifies the Expert's current employer(s).

7

        c.     A Party that makes a request and provides the information specified in the preceding paragraph may disclose Confidential Information or Restricted Information to the identified Expert unless, within seven court days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

        d.     A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice-to-voice dialogue) to try to resolve the matter by agreement. If no agreement is reached, the Party seeking to make the disclosure to the Expert may seek relief from the Court. In any such proceeding the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm the disclosure would entail outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

18. If a party to this Order objects to the designation of any Confidential Information or Restricted Information, that party shall so notify the designating party in writing, identifying the Confidential Information or Restricted Information as to which objection is made. The designating party shall respond within ten business days from receipt of such notice. If the parties cannot agree with respect to the treatment to be accorded the material that has been designated as Confidential Information or Restricted Information, any party may seek a ruling from the Court with respect to the designation(s) to which it has objected. The party seeking to maintain the Confidential Information or Restricted Information shall bear the burden of establishing such status is warranted. Pending the Court's ruling, the provisions of this Order shall remain in force. No party shall be obligated to challenge the propriety of a designation, and a failure to do so shall not preclude a subsequent attack on the propriety of the designation.

19. The parties acknowledge that this Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal..

20. The execution of this Order shall not, in itself, operate as an admission against or otherwise prejudice any contention of any part on any motion provided for herein, or in any other

1 proceeding or trial in this action, nor shall this Order be taken to constitute a waiver of any party's right to seek relief from the Court from any or all provisions of this Order.

21. Nothing in this Order shall be construed as prejudicing or limiting the right of third persons or entities not joined herein from pursuing any and all remedies available to them. If such third person or entity chooses to make a Confidential Information or Restricted Information designation in compliance with this Order, the third person shall be deemed to have submitted the question of validity of any challenged designation to the jurisdiction of this Court.

22. This Order shall not prevent or limit any party from using Confidential Information or Restricted Information at trial or with respect to depositions of those persons authorized under this Order to view Confidential Information or Restricted Information. Additionally, documents or interrogatory responses which have been designated as Confidential Information or Restricted Information may be used at the deposition of the party which produced the Confidential Information or Restricted Information. Any document or interrogatory responses designated as Confidential Information or Restricted Information and used in a deposition under the terms set forth in this Order which is desired to be attached as an exhibit to said deposition shall be sealed and separately bound from the testimony and exhibits which are not marked as Confidential Information or Restricted Information.

23. The terms of this Order shall remain in full force and effect and shall not cease to be in effect because of final adjudication of this litigation. Upon resolution of this action in the trial court, all Confidential Information or Restricted Information shall be held by counsel pending final resolution of this litigation by appeal or otherwise. Within 90 days after such final resolution, all documents containing Confidential Information or Restricted Information, including all copies, summaries, and compilations, shall be destroyed or, at the request of producing counsel, be returned. Each party is responsible for such return or destruction shall certify to all other counsel of record that such destruction or return in fact took place.

24. Notwithstanding Paragraph 23 above, counsel are not required to destroy legal memoranda or opinion letters and other attorney-client privilege or work product document that may contain references to or information extracted from said documents, and all such memos and

9

correspondence may be retained in the attorney's files. However, the confidentiality of documents and information is otherwise to be protected in accordance with the terms of this Order.

25. Nothing contained in this Order shall preclude any party from applying to the Court for further relief or for modification of any provision hereof.

26. Nothing contained in this Order is intended to or shall be deemed or limit either party from any further use of Confidential Information or Restricted Information (or information derived therefrom) which that party or its agent has itself produced, generated or obtained other than through discovery in this action.

27. Except as specifically provided herein, the terms, conditions and limitations of this stipulation and Order shall survive the termination of this action.

Dated: May 29, 2007    FISH & RICHARDSON P.C.


By: /s/ Jonathan J. Lamberson
    Jonathan J. Lamberson

Attorneys for Plaintiff
MARTIN MEDINA


Dated: May 29, 2007    PARR LAW GROUP


By: /s/ Shawn R. Parr
    Shawn R. Parr

Attorneys for Defendants
CARLOS AGUINAGA and CLAUDIA ESPINO

| | | |
|---|---|---|
| 1 | Dated: May 29, 2007 | BRYAN CAVE LLP |
| 2 | | |
| 3 | | By: /s/ Robert E. Boone III |
| 4 | | Robert E. Boone III |
| 5 | | Attorneys for Defendant<br>COUNTRYWIDE HOME LOANS, INC. |
| 6 | | |
| 7 | | |
| 8 | Dated: May 29, 2007 | LAW OFFICES OF THEODORE CHAVEZ |
| 9 | | |
| 10 | | By: /s/ Theodore Chavez |
| 11 | | Theodore Chavez |
| 12 | | Attorneys for Defendants<br>CRUZ REALTY GROUP, INC. |
| 13 | | |
| 14 | Dated: May 29, 2007 | LAW OFFICES OF JOHN PERKINS |
| 15 | | |
| 16 | | By: /s/ John S. Perkins |
| 17 | | John S. Perkins |
| 18 | | Attorneys for Defendants |
| 19 | | WESTMORT CORP. dba WESTCOAST MORTGAGE, and VALERIE TOUNG-VI NGUYEN |

**ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: May 30, 2007

*Patricia V. Trumbull*
PATRICIA V. TRUMBULL
UNITED STATES MAGISTRATE JUDGE

11

STIPULATED PROTECTIVE ORDER
Case No. C06-06774 JW (PVT)

# DECLARATION OF CONSENT

Pursuant to General Order No. 45, Section X(B) regarding signatures, I attest under penalty of perjury that concurrence in the filing of this document has been obtained by each of the signatories.

Dated: May 29, 2007

FISH & RICHARDSON P.C.

By: /s/ Jonathan J. Lamberson
Jonathan J. Lamberson

Attorneys for Plaintiff
MARTIN MEDINA

50418053.DOC

# ATTACHMENT "A"

# VERIFIED ACKNOWLEDGMENT

I, the undersigned, do hereby declare:

I have read the protective order in the subject lawsuit regarding confidential and proprietary documents ("Stipulated Protective Order"). I hereby agree to abide by the terms of the Stipulated Protective Order.

Executed this _____ day of _____, 2007, at _____, _____.

_____

13

STIPULATED PROTECTIVE ORDER
Case No. C06-06774 JW (PVT)